Evans, J.
dissenting. I do not concur in the opinion of a majority of my brethren, and I will state, concisely, the grounds of my dissent. 1. Eave’s fi.fa. was authority to the sheriff to sell only Red’s estate, but Red had no property in this land. He had sold to Young. Under Eaves’ execution, the sheriff then could not sell, and if there were no other authority, the purchaser could take nothing under the sale.
There are a great many cases which decide, that if the sheriff sell under an execution which gives no authority, but at the same time has in his office an execution which does give him authority, the sale shall be referred to that *93 which confers the authority ; but all these cases, hold that he must have some authority which empowers him to sell. Now the sale in this case, cannot be referred to Ross’ execution, because that was stayed, for a limited time, and until the expiration of that time, the sheriff could not enforce it. But it is supposed that the sale is good, because the money has been applied to extinguish the lien of Ross’ judgment, which was older than Young’s deed. I do not think so. As well might it be said, that if the sheriff had sold without any enforcible execution, his sale would be good, because he applied the money to the extinguishment of the liens on the property. The rule seems to me to be this, the sale to be good must be made under a fi.fa. which confers on the sheriff the power to sell, when the money is raised, the law directs its application. But the application of money, has no connection with, and cannot aid a defect in the sheriff’s authority.
2d. Admitting, that in favor of a bona fide purchaser without notice, such a sale might be good, yet as to Vance, the sale would be void for fraud. He was the owner of Ross’ execution, he had notice of the sale to Young, and Ross had, for a valuable consideration, agreed to stay his execution until May, 1842. To allow him to keep the benefit arising from his purchase, in violation of his contract, would be to encourage fraud and dishonesty.
Wardlaw, J. concurred.